UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00338-JRG-HBG |
| | ) | |
| CHASE JOHNSON and CHRIS HACKER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss this action for failure to prosecute [Doc. 46]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

## **I.    PROCEDURAL HISTORY**

On January 12, 2021, this Court entered an order granting, *inter alia*, Defendants' motion to compel discovery from Plaintiff [Doc. 43]. As part of the order, the Court required Plaintiff to respond to Defendants' tendered written discovery by February 2, 2021, and to sit for his deposition by February 5, 2021 [*Id.*]. The Court warned Plaintiff that failure to comply with the order would result in the dismissal of this action upon Defendants' motion [*Id.*].

On January 22, 2021, Defendants sent Plaintiff a Notice of Deposition for February 5, 2021, by mailing the deposition notice to Plaintiff's address on file with the Court [Doc. 46-1]. However, Plaintiff did not appear for his scheduled deposition and did not contact Defendants' counsel to reschedule it [Doc. 46 at 2]. Plaintiff also failed to tender responses to Defendants' written discovery [*Id.*]. On February 19, 2021, Defendants filed the instant motion to dismiss [*Id.*].

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that dismissal is an appropriate sanction for failure to comply with a Court order.  *See* Fed. R. Civ. P. 41(b).  Under Rule 41(b), the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

The Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault.  Specifically, Plaintiff willfully disobeyed the Federal Rules of Civil Procedure and this Court's orders by failing to provide answers to Defendants' written discovery and by failing to appear for at least two noticed depositions.  Plaintiff's failure has prejudiced Defendants, who have spent significant time and resources attempting to conduct discovery with an uncooperative Plaintiff.  Additionally, Plaintiff was explicitly warned that failure to cooperate with discovery and/or attend his deposition would result in the dismissal of this case [Doc. 43].  Finally, no lesser sanction is appropriate, as Plaintiff has disregarded the Court's warnings and has refused to provide Defendants with discovery.  Accordingly, on balance, the Court finds that these factors weigh in favor of dismissal of this action.

## III.   CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action.  Therefore, Defendants' motion [Doc. 46] will be **GRANTED**, and this

action will be **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

    **AN APPROPRIATE ORDER WILL ENTER.**

    ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
